**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **SHERRY LEEANN ROBERTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 1:09-CV-9-DDN |
| | ) |
| **SOCIAL SECURITY ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

ORAL OPINION

BEFORE THE HONORABLE DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE

JANUARY 29, 2010

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | Andrew R. Tarry, Esq. (via telephone) |
| | **TARRY LAW FIRM, L.L.C.** |
| | 827 Broadway |
| | Cape Girardeau, MO  63701 |
| | |
| For Defendant: | Nicholas P. Llewellyn, AUSA |
| | **OFFICE OF U.S. ATTORNEY** |
| | 111 South Tenth Street, 20th Floor |
| | St. Louis, MO  63102 |
| | |
| | Sean Stewart, Special AUSA (via telephone) |

*TRANSCRIBED FROM DIGITAL RECORDING BY:*
*Gayle D. Madden, CSR, RDR, CRR*
*Official Court Reporter*
*United States District Court*
*111 South Tenth Street, Third Floor*
*St. Louis, MO  63102*
*(314) 244-7987*

(Proceedings started at 11:07 a.m.)

THE COURT: All right. This is Judge Noce, and we're on the record again. This is the case of the United -- of Sherry LeeAnn Roberts against Michael J. Astrue, Commissioner of Social Security, in the Southeastern Division of the Court, Case No. 1:09-CV-9, and the matter is before the Court now for the rendering of an oral opinion, and participating by conference telephone call, representing the Plaintiff, is attorney Mr. Tarry. Can you hear me, Mr. Tarry?

MR. TARRY: Yes, I can.

THE COURT: All right. And participating by conference telephone call, representing the Defendant, is Mr. Stewart. Can you hear me, Mr. Stewart?

MR. STEWART: Yes.

THE COURT: All right. And here in the courtroom, representing the Defendant, is Assistant U.S. Attorney Nicholas Llewellyn. I apologize, Mr. Llewellyn.

All right. The following oral opinion is intended to be the opinion of the Court judicially reviewing the denial of the Plaintiff's claims for Supplemental Security Income benefits under Title XVI of the Social Security Act. The Court has jurisdiction over the subject matter of the action under Title 42 U.S.C. § 405(g) and 1381(c)(3) but primarily 1381(c)(3) for Title XVI.

The parties have consented to the exercise of

authority by this U.S. Magistrate Judge under Title 28 United States Code § 636(c).

The Court earlier this morning heard oral arguments on the pleadings of the parties, and the Court now issues its ruling in this oral opinion. A summary documentary order with references to this oral opinion will be issued, hopefully today by docket text order. At this time, I will order the clerk to secure a transcript of this oral opinion, which will be filed as a documentary rendition of the -- of the Court's opinion available to the parties.

On February 22, 2006, Plaintiff Sherry LeeAnn Roberts applied for Supplemental Security benefits under Title XVI of the Act. Under Title 42 United States Code § 1381 to 1383, based upon her alleged disability, she alleged in her applications that she became disabled for the current application beginning on November 23, 2005, at age 49, on account of degenerative disk disease, anxiety, depression, chronic pain, and back pain. The claims were denied by the state agency on April 11, 2006.

On August 30, 2007, a hearing was held before a federal Administrative Law Judge, and on October 25, 2007, the ALJ denied the Plaintiff's claim. Thereafter, the Appeals Council denied a review, and the decision of the ALJ has become the final decision of the Commissioner of Social Security, and it's the ALJ's decision that is now before the

Court for judicial review.

Generally stated, the Administrative Law Judge decided that the -- the Plaintiff has not worked at substantial gainful activity since the date she filed her application for Supplemental Security Income, and the ALJ went through the five steps of the prescribed analysis, and I will beg counsel's indulgence as I flip to the various parts of the record and my notes for this opinion.

The Administrative Law Judge found at page -- at transcript page 14 that the claimant is 49 years of age, she has a high school education, she has past relevant work as a Certified Nurse Aide, and she has not engaged in substantial gainful activity since February 22, 2006, the date of her application.

The Administrative Law Judge then found that the Plaintiff has degenerative disk disease, anxiety, and depression which are severe in combination.

Then the Administrative Law Judge went on to consider and to find that the Plaintiff did not have any of those individual impairments or any combination of them that met or equaled medically any of the listed impairments in the Commissioner's list of disabling impairments.

Then the Administrative Law Judge determined that, after considering the entire record, the -- the judge found that the Plaintiff had the residual functional capacity to

perform the full range of light work.

And then the Administrative Law Judge found that the Plaintiff could not perform any past relevant work and then acknowledged that the burden shifted to the Commissioner to show that there are other jobs existing in significant numbers in the national economy or local economies that the Plaintiff could perform consistent with her medically determinable impairments, functional limitations, age, education, and work experience.

The Administrative Law Judge determined that the transferability of job skills was not material to the determination of disability because the Administrative Law Judge immediately jumped to the application of the medical vocational rules to determine that the Plaintiff was not disabled and invoked Rules 202.14 and 202.21 and rendered a decision -- the decision that the Plaintiff was not disabled.

The Court's role on judicial review of the Commissioner's decision is to determine whether the Commissioner's findings and, in this case, the Administrative Law Judge's findings comply with the relevant requirements and are supported by substantial evidence in the record as a whole, and for that purpose, I cite the case of *Pate-Fires against Astrue, 564 F.3d 935*, at page 942, Eighth Circuit, 2009, and from that opinion can be discerned the principles that substantial evidence is less than a preponderance but it

1  is enough that a substantial mind would find it adequate to
2  support the Commissioner's conclusion.
3       In determining whether the evidence is substantial,
4  the Court must consider evidence that both supports and
5  detracts from the Commissioner's decision; however, as long as
6  substantial evidence supports the decision, the Court may not
7  reverse it merely because substantial evidence exists in the
8  record that would support a contrary outcome or because the
9  Court would have decided the case differently, and that --
10 that's a standard that can marshal many, many, many case
11 opinions.
12      To be entitled to disability benefits, a claimant
13 must prove that she is unable to perform any substantial
14 gainful activity due to a medically determinable physical or
15 mental impairment that would either result in death or which
16 has lasted or could be expected to last for at least 12
17 continuous months, and aside from the Pates -- the *Pate-Fires*
18 opinion, the primary authority is the statute, which is, of
19 course, 42 U.S.C. § 423(a)(1)(D), 423(d)(1)(A), and
20 1382c(a)(3)(A), and then the five-step regulatory framework is
21 to be used to determine whether the individual qualifies for
22 disability.
23      As I have described earlier, the Administrative Law
24 Judge determined at step one that the Plaintiff was not
25 currently engaged in substantial gainful activity.  He

1  determined at step two that she suffers from a combination of
2  impairments which in combination are severe and at step three
3  that the -- the Plaintiff does not equal a listed -- that the
4  combination of impairments are not individually listed or in
5  combination medically equivalent to one of the listed
6  disabling impairments, and at step four, the -- the
7  Administrative Law Judge determined that the Plaintiff
8  retained the residual functional capacity to perform -- well,
9  determined that the -- the claimant could not perform her
10 prior relevant work with the residual functional capacity that
11 the Court -- the judge found and recognized that the burden
12 shifted to the -- to the Commissioner to show that the
13 Plaintiff, nevertheless, had the ability to perform other
14 work.
15         And as the arguments of the parties indicated, the
16 Plaintiff takes issue with the determination by the
17 Administrative Law Judge that in reaching a determination at
18 step five that there was other work that the Plaintiff could
19 perform.  The evidence that was used for this purpose was a
20 reference to the -- to the -- the grids, the -- the
21 administrative findings that the Social Security
22 Administration makes with respect to the characteristics of
23 the -- of the Plaintiff, finding that she was not disabled,
24 and the argument is that -- by the Plaintiff -- that that was
25 improper, that -- and a vocational expert should have been

called to give expert testimony on that fact rather than a reference to the -- to -- to the grid rules.

Ultimately, it's my very, very clear understanding, I believe, that the Administrative Law Judge did commit error by not invoke -- engaging the services of a vocational expert because I think at various parts in the -- in the opinion the law was not properly applied.

To begin with, the ALJ determined that the Plaintiff, indeed, did suffer from anxiety and depression. The opinion of the Administrative Law Judge focuses not entirely but almost substantially, mostly on the Plaintiff's mental limitations and impairments. They did exist. The Administrative Law Judge did not determine that they did not exist, but at several places in the opinion, the Administrative Law Judge refers to the fact that -- and I'll look at page -- at this time at page 15 of the opinion, and it's -- it is in several places on page 15. The -- the reference is made to the fact that there was not a duration of 12 consecutive months for what amounts to, in effect almost, a disabling result from the presence of the mental impairment.

I believe that the -- a reference to the -- to the Commissioner's regulations with respect to the application of the grids do not require that before a vocational expert must be engaged that a nonexertional limitation must be -- have the durational limitation or requirement that flat-out ultimate

determination of disability requires.  At Title 20 of the Code of Federal Regulations § 416.969a, the regulation speaks generally about how -- and with respect to the application of the -- of the guidelines that your impairments and related symptoms, such as pain, may cause limitations in function or restrictions which limit your ability to meet certain demands of jobs.  These limitations may be exertional, nonexertional, or a combination of both.  Limitations are classified as exertional if they affect your ability to meet the strength demands of jobs.  There's not a reference in that regulation to a temporal durational period.

It goes on and talks about in subsection (c) nonexertional limitations.  When the limitations and restrictions imposed by your impairments and related symptoms, such as pain, affect only your ability to meet the demands of jobs other than the strength demands, we consider that you have only nonexertional limitations or restrictions, and then it goes into some examples of nonexertional limitations or restrictions, and it includes nervousness, anxiety, or depression, which, of course, are what the Plaintiff claims and alleges in this case.

And then it goes over to subsection (c)(2).  If your impairments and related symptoms, such as pain, only affect your ability to perform the nonexertional limitations of work-related activities, the rules in Appendix 2 do not direct

1  factual conclusions of disabled or not disabled.

2  And then it goes down to subsection (d).  When the
3  limitations and restrictions imposed by your impairments and
4  related symptoms, such as pain, affect your ability to meet
5  both the strength and demands of jobs other than the strength
6  demands, we consider that you have a combination of exertional
7  and nonexertional limitations or restrictions.  If your
8  impairments and related symptoms, such as pain, affect your
9  ability to meet both the strength and demands of the jobs
10  other than the strength demands, we will not directly apply
11  the rules in Appendix 2.

12  And I think it is -- it bears noting that the Eighth
13  Circuit, in *Caviness against Massanari*, found at *250 F.3d 603*,
14  Eighth Circuit, 2001, at page 605 -- the -- in order to --
15  when reflecting on step two and certainly not on step five --
16  but still, you know, this bears some consideration -- that the
17  burden on the plaintiff to indicate or to establish a -- the
18  existence of a severe impairment is not great, and the Supreme
19  Court in *Yuckert*, in -- I believe it's footnote 12 --
20  ultimately -- and then let's see here -- reflected on Social
21  Security Ruling 85-28, which indicated that an impairment or
22  combination of impairments is found "not severe" and a finding
23  of "not disabled" is made at step two when medical evidence
24  establishes only a slight abnormality or a combination of
25  slight abnormalities which would have no more than a minimal

1  effect on an individual's ability to work even if individual's
2  age, education, or work experience were specifically
3  considered.  If the evidence shows that the person cannot
4  perform his past or her past relevant work because of the
5  unique -- unique features of that work, the decision maker
6  must conduct a further evaluation of the ability, which the
7  court did not go into or discuss.
8        Let's see.  I recognize that and I'll just state
9  again that at several locations in the -- the -- on page 15
10 and -- let's see -- on page 16, when reflecting on
11 Dr. Kinder's opinions, in the middle of the -- of the -- of
12 the page, the ALJ says, "However, even findings of only
13 moderate symptoms appear inconsistent with the treatment
14 records which indicate no severe mental impairments lasting 12
15 months in duration since the alleged onset date."
16       Repeatedly, the Administrative Law Judge attaches the
17 durational period to -- to those findings, and I don't believe
18 the regulations countenance that, and it's also -- he also
19 says, on page 20, the medical treatment notes do not document
20 any medical -- any -- do not document any medical observations
21 by any treating psychiatrist or psychologist of a
22 significant -- of significant abnormalities or deficits with
23 respect to the claimant's mood, affect, thought processes,
24 concentration, attention, pace, persistent social interaction,
25 activities of daily living, speech, psychomotor activity,

1   focus, contact with reality, eye contact, orientation,

2   demeanor, abilities to cope with stress, abilities to work

3   without decompensation, abilities to understand and follow

4   instructions, judgment, insight, cognitive function or

5   behavior lasting 12 months in duration and despite treatment.

6   Once again, the ALJ attaches the durational -- a durational

7   requirement for that consideration and then goes on, on page

8   21.  At most, the medical treatment records document mental

9   impairments, once again talking about the existence of mental

10  impairments but not resulting in severe symptoms causing

11  significant limitations of function for 12 consecutive months

12  of duration.

13          Now, I recognize that, on page 22, the ALJ also makes

14  in -- in the midst of all of the record and in the midst of

15  the discussion of the record at the end there, on page 22,

16  says the claimant has no mental restriction, which standing

17  alone I find not to be supported by substantial -- that is to

18  say, to have no mental restriction and failed in her burden to

19  establish otherwise, I -- I -- I believe that that probably

20  reflects upon the 12 months' duration, but I do not believe

21  that that is a reflection of -- of the record that -- that she

22  has absolutely no mental restriction when she found -- when he

23  found that she does have a -- the condition and that when

24  combined with her back problem was severe.

25          The record is -- is replete with repeated references

1  and diagnoses of, going back to 2004, major depression,
2  generalized anxiety depression or disorder, rather, by
3  Dr. Khot in March of 2004, flat affect in 2005.  Dr. Nawaz
4  reflected on her having major depression disorder in -- in
5  March of 2005.  Then we come to Dr. Kinder's opinions in -- on
6  March -- oh, no -- rather, June 15th, 2005, indicating that,
7  in his opinion, she had been suffering from depression for
8  seven years and indicating that the profile pattern indicated
9  significant elevations across several scales which indicates
10 marked distress and severe impairment in functioning and
11 reflected on the fact that the -- the ultimate -- the testing
12 results indicated that they were reliable, that she was
13 reliable, and then going on, in August of 2005, a diagnosis of
14 major depression and anxiety disorder continuing through
15 October of 2005.
16         Getting -- you know, getting into Dr. Toll's analyses
17 in April of 2006 and her findings of major depression
18 disorder, anxiety, generalized anxiety disorder, posttraumatic
19 stress disorder, the rendition of all of that indicates --
20 plus the rest of the record -- indicates that the finding at
21 least as far as the existence of a nonexertional limitation
22 sufficient to require the employment of a vocational expert at
23 the hearing level was well-established, and to my belief and
24 my rendition -- my review of the record, the record is not
25 sufficient to sustain substantial evidence or to indicate or

```
                                                              14
 1   to show substantial evidence to say in -- what -- in six words
 2   that the claimant has no mental restrictions, and for that
 3   purpose and on that basis, I'm going to find that the ultimate
 4   conclusion of the Administrative Law Judge that the Plaintiff
 5   is not disabled is not supported by substantial evidence.
 6              I'm going to reverse the finding, and I'm going to
 7   remand the case to the Social Security Administration for
 8   rehearing and the employment of a vocational expert, and I'll
 9   issue a -- a summary, one-page order, documentary order to
10   that effect, and as I stated earlier, I'll order the clerk to
11   secure a transcript of this oral opinion and file it as the
12   Court's opinion in the case.
13              Thank you all.  I appreciate your endurance through
14   all of this.  It enables me to, I hope, efficiently resolve
15   this issue or this case and get on to the next one.  Thank you
16   all very much.
17              MR. LLEWELLYN:  Thank you, Your Honor.
18              MR. STEWART:  Thank you.
19         (Proceedings concluded at 11:39 a.m.)
20
21
22
23
24
25
```

# CERTIFICATE

     I, Gayle D. Madden, Registered Diplomate Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

     I further certify that the foregoing is a true and accurate transcript of the digital recording produced by the clerk of the proceedings held in the above-entitled case.

     I further certify that this transcript contains pages 1 through 14 inclusive.

     Dated at St. Louis, Missouri, this 26th day of February, 2009.

_____

/s/ Gayle D. Madden

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter